United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GEORGE MARTHA,

Plaintiff,

v.

DARA KHOSROWSHAHI,

Defendant.

Case No. 25-cv-10303-PHK

**FURTHER ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

Re: Dkt. 9

On November 21, 2025, Plaintiff George Martha, who is representing himself *pro se* in this action, filed the Complaint and an application to proceed *in forma pauperis* ("IFP") in this action. *See* Dkts. 1, 2. On February 17, 2026, the Court issued an Order denying without prejudice Plaintiff's IFP application on the grounds that Plaintiff's financial affidavit contained incomplete and contradictory information. [Dkt. 7 at 3]. In that February 17 Order, the Court granted Plaintiff leave to file an amended IFP application with complete and accurate financial information by no later than April 3, 2026. *Id*. Plaintiff did not file an amended IFP application by that deadline. On July 20, 2026, the Court issued an Order to Show Cause directing the Plaintiff to file his amended IFP application by August 21, 2026 or to file a response to that Order to Show Cause ("OSC") explaining why this action should not be dismissed for failure to prosecute or for failure to comply with Court orders. [Dkt. 9 at 2].

As of the date of the instant Order to Show Cause, Plaintiff has not filed either a response to the previous OSC or an amended IFP application. The deadline for Plaintiff to file an amended IFP application has passed by over five months. Plaintiff's most recent communication with the Court was a hand-written "Addendum to the Complaint" letter filed on July 16, 2026 which appears to be

an informal attempt to allege further facts in support of the causes of action asserted in the Complaint. That Addendum did not contain either an amended IFP application or a response to the previous OSC. [Dkt. 10]. To date, Plaintiff has not requested an extension of time to file his amended IFP application or a response to the previous OSC.

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action or fails to comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders).

As noted, on July 20, 2026, the Court issued an Order to Show Cause Re: Failure to Prosecute and Failure to Comply with Court Orders in which the Court warned that if Plaintiff failed to respond by the deadline of August 21, 2026, "the Court will issue a Report and Recommendation that this action be dismissed for failure to prosecute and failure to comply with Court Orders, and the Court will issue an Order directing the Clerk of Court to reassign this action to a District Judge for consideration of, and to take action on, that Report and Recommendation." [Dkt. 9 at 2]. In that July 20 OSC, the Court explained that Plaintiff could respond by either (1) filing an amended IFP application which cures the deficiencies noted by this Court's February 17, 2026 Order; OR (2) filing a written response to the Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with the Court's directives and orders. *Id*. Over six weeks have passed since the August 21st deadline to respond to the Order to Show Cause. Plaintiff has neither filed an amended IFP application, nor responded to the July 20 OSC, nor requested an extension of time.

The Court hereby provides **NOTICE** by this **FURTHER ORDER TO SHOW CAUSE** that failure to comply with this Court's orders and failure to prosecute this case—including failure to respond to this Further Order to Show Cause or failure to file an amended IFP application and financial affidavit by the deadline—will result in negative consequences for Plaintiff's case, including the issuance of a Report and Recommendation for dismissal of this action without prejudice.

Accordingly, the Court herein **ORDERS** that, by no later than **<u>OCTOBER 30, 2026</u>**,

Plaintiff **SHALL EITHER** (1) file an amended IFP application which cures the deficiencies noted by this Court's February 17, 2026 Order; **OR** (2) file a written response to the July 20 OSC and to this Further Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with the Court's directives and orders. If Plaintiff files, by **OCTOBER 30, 2026,** an amended IFP application curing the deficiencies noted in the February 17, 2026 Order, such a filing will be deemed a response to this Further Order to Show Cause, and no other written response would be necessary.

If Plaintiff needs additional time to prepare and file an amended IFP application, Plaintiff shall explain and show sufficient grounds in good faith why and how much additional time is needed in any written response filed by the **OCTOBER 30, 2026** deadline.

If Plaintiff fails to respond to this Further Order to Show Cause by the **OCTOBER 30, 2026** deadline set herein, the Court **will** issue a Report and Recommendation that this action be dismissed for failure to prosecute and failure to comply with Court Orders, and the Court **will** issue an Order directing the Clerk of Court to reassign this action to a District Judge for consideration of, and to take action on, that Report and Recommendation.

It appears the Plaintiff has attempted to contact the court informally by email and by phone. Such informal communications are procedurally improper under Civil Local Rule 11-4(c). Plaintiff shall file on the docket all communications with the Court (including the amended IFP application and any response to this Further Order to Show Cause) by the deadline set herein or risk dismissal. As the Court has noted previously to this Plaintiff, even if Plaintiff is proceeding *pro se* he must nevertheless comply with all Civil Local Rules, General Orders, Standing Orders, and Orders issued by the Court.

The Court previously advised Plaintiff of the various resources made available for *pro se* litigants. [Dkt. 7 at 4]. Further, the Court previously admonished Plaintiff that the Court requires Plaintiff to comply with all of this Court's Orders (including this Further Order to Show Cause, the February 17, 2026 Order, the July 20 OSC, and all Standing Orders available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure, the Local Rules of this Court, the General Orders of this Court, and any other statutory requirements in a timely fashion.

The Clerk is **DIRECTED** to mail this Order to Show Cause to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: October 7, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California